**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION (JACKSON)**

| | |
|---|---|
| **DELTA FUEL COMPANY, LLC,** | |
| Plaintiff | Case No. 3:25-CV-410-TSL-LGI |
| **v.** | *Hon. Tom S. Lee* |
| **DELTA UTILITIES, LLC; DELTA MISSISSIPPI GAS COMPANY, LLC; DELTA CAPITAL GAS COMPANY, LLC; DELTA SOUTH LOUISIANA GAS COMPANY, LLC; DELTA NORTH LOUISIANA GAS COMPANY, LLC; DELTA NEW ORLEANS GAS COMPANY, LLC; BERNHARD CAPITAL PARTNERS, LP et al., and JOHN DOES 1-10,** | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE CERTAIN FILINGS
RESTRICTED FROM PUBLIC ACCESS**

Plaintiff Delta Fuel Company, LLC ("Delta Fuel") respectfully submits under L.U.Civ.R. 79 this motion asking the Court to grant it leave to file restricted from public access an unredacted version of its Memorandum in Support of Motion to Compel Discovery [Dkt. #64] and three exhibits to its Motion to Compel Discovery [Dkt. # 63]. In support thereof, Delta Fuel shows onto the Court the following:

1.      Pursuant to the Parties' Agreed Protective Order, any party seeking to file any material, or a portion thereof, designated "Confidential" or "Confidential-Attorney's Eyes Only" with the Court, must comply with L.U.Civ.R. 79. [Dkt. #45], at 5.

2.      On Tuesday, April 21, 2026, Delta Fuel filed its Motion to Compel and supporting Memorandum.  [Dkt. #63]; [Dkt. #64].  In support of that Motion,  Delta Fuel attached Exhibits 6, 7, and 9.   Defendants marked each of these exhibits as "Confidential-Attorney's Eyes Only." Accordingly, Delta Fuel only filed placeholder exhibits for Exhibits 6, 7, and 9[1] and are requesting leave to file these exhibits under seal because they reveal Defendants' propriety and confidential marketing strategy.  A portion of Delta Fuel's supporting Memorandum quotes from these Exhibits and the pertinent portions of its Memorandum disclosing those Exhibits' contents have been redacted.  Delta Fuel seeks to file those Exhibits and the unredacted Memorandum as sealed from public access only, with CM/ECF access permitted to the litigants' counsel under L.U.Civ.R. 79(B)(2).

3.      Although the public has a general right of access to judicial records, that right may be overcome when a party shows a need to maintain certain proprietary or confidential documents as confidential under court rules.  *See Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (public's general right to public records is not absolute); *State Farm Fire and Cas. Co. v. Hood*, 2010 WL 3522445, at *2 (S.D. Miss. Sept. 2, 2010) ("The public's right of access is not absolute, however. It creates only a 'presumption' of access, which can be overcome by a strong showing of the need for confidentiality.").  So, district courts "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citations omitted).

---

[1] Exhibit 9 is an excerpt from a transcript of a recent deposition in this case.  Defendants designated the entire transcript as "Confidential-Attorney's Eyes Only."

4. Delta Fuel is submitting these three Exhibits and its unredacted Memorandum to the Court for in camera review. Review of those Exhibits and the unredacted Memorandum's recitation of them show that they contain the type of information businesses generally treat as confidential and proprietary.

5. If Delta Fuel's request is granted, only authorized court personnel and litigants' counsel will be able to view the restricted documents, although the docket text "sealed document" will still be publicly viewable on the electronic docket. *See* L.U.Civ.R. 79(e)(3)(B)(2) ("sealed from public access only, with CM/ECF access permitted to the litigants' counsel"). Delta Fuel submits that the above request is reasonable and warranted to protect information claimed by Defendants to be confidential and proprietary information.

6. Undersigned counsel for Delta Fuel emailed counsel for Defendants to obtain consent for this request. Defendants' counsel confirmed that Defendants do not oppose this Motion.

WHEREFORE, Plaintiff Delta Fuel Company, LLC respectfully requests that the Court enter an order granting it leave to file restricted from public access Exhibits 6, 7, and 9 to its Motion to Compel [Dkt. #63] and an unredacted copy of its supporting Memorandum [Dkt. #64].

April 21, 2026                         Respectfully submitted,

                                       David A. Skeels
                                       Texas State Bar No. 24041925
                                       Email: DSkeels@whitakerchalk.com
                                       *Admitted Pro hac vice*

                                       Richard L. Schwartz
                                       Texas State Bar No. 17869500
                                       Email: RSchwartz@whitakerchalk.com
                                       *Admitted Pro hac vice*

                                       **WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
                                       301 Commerce St., Suite 3500

Fort Worth, Texas  76102
817.878.0500 Telephone
817.878.0501 Facsimile


*/s/ Charles E. Cowan*
Michael B. Wallace (MSB #6904)
Email:mbw@wisecarter.com
Charles E. Cowan (MSB #104478)
Email: cec@wisecarter.com
Jack F. Hall (MSB #106482)
Email: jfh@wisecarter.com

**WISE CARTER CHILD & CARAWAY, P.A.**
Post Office Box 651
Jackson, Mississippi 39205-0651
Ph: (601) 968-5500
Fax: (601) 968-5519

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I, Charles E. Cowan, counsel for Plaintiff Delta Fuel Company, LLC, do hereby certify that I filed the foregoing on the Court's ECF system, which sent notification of such filing to all counsel of record.

**SO CERTIFIED** this the 21st day of April 2026.


*/s/ Charles E. Cowan*
CHARLES E. COWAN